**KRAUSZ et al. v. UNITED STATES.**

No. 42802.

Court of Claims.

June 29, 1936.

For former opinion, see 14 F.Supp. 291.

Richard H. Wilmer, of Washington, D. C. (Douglas L. Hatch, of Washington, D. C., on the brief), for plaintiffs.

Elizabeth B. Davis, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

PER CURIAM.

The motion for new trial is based largely upon the contention that the court erred in the views expressed in the opinion with reference to the authority of the Alien Custodian to file a claim for refund, but it is not necessary to discuss this question as the decision of the court did not depend upon the ruling on this point. What was stated with reference to this matter in the former opinion was merely for the purpose of showing the incongruity which occurred when the Alien Property Custodian, an officer of the United States, in his official capacity filed a claim against the United States. This was mentioned as showing the difficulty in undertaking to apply all of the general statutes with reference to the collection of taxes to a case of the nature now before us, but what was said with reference to this matter was not controlling on the final decision. The judgment of the court was based upon matters entirely independent of whether a proper claim for refund was filed, the court having ruled that the general statutes with reference to the collection of taxes had no application to funds in the hands of the Alien Custodian except as specially provided in the acts pertaining to his powers and duties and the disposition of such funds.

The former opinion approved the rule laid down in the case of Chemische Fabrik von Heyden Aktiengesellschaft v. Tait (D. C.) 58 F.(2d) 814, 818, that "in returning the property this Government undoubtedly had the clear right to impose such terms and conditions as it pleased Congress to enact." Also, that there was no "reasonable doubt that the intention of Congress was to return only the corpus of the property remaining after the payment of taxes and other expenses thereout. * * * Obviously the intention was to make the property *subject retroactively* to taxes for the designated years." (Italics ours.) We adhere to our conclusion that this rule applies without regard to the general laws with reference to the collection of taxes.

Counsel for plaintiffs in construing the provisions of the Settlement of War Claims Act (H.R. 7201) place great stress on cer-

tain parts of the reports of the House and Senate and of the conference committee which accompanied the bill and they quote the parts thereof which they consider support their contention. Had the provisions quoted and relied upon by plaintiffs' counsel been incorporated in the act, we think they would in any event have been merely separate and independent provisions. But, as sometimes happens, when the bill was finally adopted these provisions, including the part that related to assessments and claims, were omitted entirely. The only provisions contained in the Settlement of War Claims Act which relate to taxes are found under section 18, which amended section 24 of the Trading with the Enemy Act (50 U.S.C.A. Appendix § 24) and is referred to at some length in the original opinion; and the only reference in regard to filing claims is found in section (f) which provides when a "claim" may be filed under the preceding subdivisions of this section. The provision is obviously entirely independent of the general statutes with reference to collection of taxes.

The motion for new trial must be overruled, and it is so ordered.